Barney, J.,
delivered the opinion of the court:
The claimant, during the time covered by this claim, was a hospital apprentice in the United States Navy. August 28, 1901, he was detached from the vessel to which he then belonged and proceeded under orders to Detroit, Mich., where he joined a traveling recruiting party on September 1, 1901, and remained with such party in such service at various cities until September 30, 1902. During this time he received the regular pay of his rating, together with $9 per month, under paragraph 5, article 1243, [Regulations for the Navy, and also in addition thereto $5 per week until June 1, 1902, and $45 per month from that date to September 30, 1902.
The sum of $118.20 being the additional pay received by the claimant under said paragraph 5 for the time stated, was subsequently checked against his pay, and this suit is brought to recover the amount so checked, though the claim stated in the petition is but $117.
The right of the claimant to receive the $9 per month additional pay is based upon the following orders: November 24, 1899, the President issued an order which is now embodied in the Navy Regulations as article 1243, paragraph 5, above mentioned, and is as follows:
“ On and after November 4, 1899, petty officers of the navy, performing duty which deprives them of quarters and their rations or commutation thereof, shall receive nine dollars per month in addition to the pay of their rating.”
*334 The following order was specially issued to the chief of the recruiting party to which the claimant was attached:
“ DEPARTMENT OE THE NAVY,
“ Bureau op Navigation,
Washington, D. C., December 28,1900.
“ Sir : 1. The recruiting party under your command will be governed by the following instructions:
* * * “ The enlisted men are allowed the sum of nine dollars per month in addition to the pay of their rating (Navy Regulations, art. 1243, par. 5); a further sum of five dollars per week will be allowed each enlisted man for subsistence, this sum to be charged to the appropriation 1 transportation, recruiting, and contingent, navigation, 1901 * * * 5
“A. S. Crowninshield,
“ Chief of Bureau.
“Lieut. D. W. Blamer, ü. S. Navy.”
June 4, 1902, upon the application of Lieutenant Little-field, then in charge of this traveling recruiting party, the Secretary of the Navy issued the following order:
“ Respectfully returned to the Bureau of Navigation, approving the within request that actual expenses be allowed instead of mileage to officers attached to the recruiting party under command of Lieut. W. L. Littlefield, U. S. Navy, and that the enlisted men of the party be allowed $45 per month for subsistence.
“As it is in the discretion of the department, under the law, to allow mileage or actual expenses to naval officers engaged upon duty of this nature, it is directed that each case involving the distinction between mileage and actual expenses be submitted to the department for its action.”
The decision of this case depends upon the construction and force to be given to the foregoing regulations. It is not and can not be disputed that the above order of December 28, 1900, gave to the claimant nine dollars per month in addition to the pay of his rating, and the “ further sum of five dollars per week; ” and that during all the time that order was in force he was properly paid that amount. It is contended, however, by the defendants that that order was made by the Chief of the Bureau of Navigation under a mistake as to the construction to be put upon the Navy Regulations, and that such mistake could afterwards be corrected *335 by the Navy Department by checking the sum thus paid against the pay of the claimant. We do not understand it to be denied that the Chief of the Bureau of Navigation, representing the Secretary of the Navy, had ample authority to make the order in question, and that when made it had the force of law. The sole question then is whether, after an enlisted man in the navy has received only the pay or allowance as allowed by existing law, a part of such pay or allowance can afterwards be taken from him because in the judgment of the Navy Department the order under which such pay or allowance was made was improvidently issued. The case of Wisconsin Central Railway Company v. The United States (164 U. S., 190, 212) has been cited by the . defendants as supporting the contention that the Navy Department has such power. We do not understand the Supreme Court to have decided any such question in that case. It was there decided that parties receiving moneys illegally paid by a public officer are liable to refund them, and the following language of this court upon that subject in the case of Barnes v. District of Columbia (22 C. Cl. R., 366, 394) was quoted with approval:
“The doctrine that money paid can be recovered back when paid in mistake of fact and not of law does not have so general application to public officers using the funds of the people as to individuals dealing with their own money where nobody but themselves suffer for their ignorance, carelessness, or indiscretion, because in the former case the elements of agency and the authority and duty of officers, and their obligations to the public, of which all persons dealing with them are bound to take notice, are always involved.”
In the case at bar the nine dollars per month paid to the claimant for the time from September 1, 1901, to June 1, 1902, was paid to him according to the then existing law, and when received by him was his property as much as any other property belonging to him. We have been cited to no authority which justifies the taking of one’s property by the process of checking against his pay under the circumstances of this case, and do not believe there are any to be found.
The order under consideration, of December 28, 1900, was in force until June 4, 1902, at which time an additional order as above quoted was issued from the Navy Department. We *336 think the “ $45 per month for subsistence ” therein provided for was intended to and did cover all allowances in excess of regular monthly pay and that thereafter the claimant was not entitled to receive the nine dollars per month as provided in the order of November 24, 1899.
It follows from the foregoing that the claimant is entitled to a judgment for $81, and it is so ordered.